NOT FOR PUBLICATION

# In the
# United States Court of Appeals
## For the Eleventh Circuit

---

No. 26-10573

Non-Argument Calendar

---

VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.,

*Plaintiff-Appellee,*

*versus*

ELIZABETH HAZAN,
   an individual,
SEAN NEIL MEEHAN,
   as spouse of Elizabeth Hazan, an individual,

*Defendants-Appellants,*

6913 VALENCIA, LLC,
   a Florida limited liability company, et al.,

*Defendants.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cv-26159-LFL

---

Before NEWSOM, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

In 2025, Sean Meehan and Elizabeth Hazan, pro se, removed to federal court a foreclosure action originally filed against them in Florida state court by Valencia Estates Homeowners' Association, Inc. ("Valencia Estates"). On January 9, 2026, Valencia Estates filed a motion requesting that the district court deem the appellants vexatious litigants and limit their ability to commence or remove future actions. Meehan and Hazan filed a motion to strike the January 9 filing, which the magistrate judge denied on February 16, 2026. Meehan and Hazan appeal that ruling.

Valencia Estates now moves to dismiss the appeal, asserting that February 16 order is not final because it did not resolve the claims at issue and the action remains pending in the district court. It further contends that the order is not otherwise appealable because the district court did not certify it for immediate review and the collateral order doctrine does not apply.

Meehan and Hazan argue that the order is appealable under the collateral order doctrine because it (1) determined disputed issues regarding the motion to strike; (2) involved matters separate from the merits of the action; and (3) would be unreviewable on appeal from a final judgment because filing restrictions would immediately and irreversibly harm them. Meehan and Hazan also request that we construe the notice of appeal as a petition for a writ of mandamus if we lack jurisdiction over the appeal.

We lack jurisdiction over Meehan and Hazan's appeal because the February 16 order is not final or otherwise appealable. First, the ruling is not final because it did not end the litigation on the merits, as the action remains pending in the district court. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that a final order ends the litigation on the merits). Additionally, the order is not appealable under the collateral order doctrine because there is no indication that the denial of the motion to strike would be unreviewable on appeal from the final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (providing that a non-final order may be appealable under the collateral order doctrine if it would be effectively unreviewable on appeal from a final judgment, among other things). Furthermore, the district court did not certify the February 16 order for immediate review. *See* 28 U.S.C. § 1292(b); Fed. R. Civ. P. 54(b).

Additionally, we deny Meehan and Hazan's request to construe the notice of appeal as a petition for a writ of mandamus because they have adequate alternative remedies, including seeking appellate review after a final judgment or an appealable order on the January 9 motion is entered. *See Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997).

Valencia Estates also moves for sanctions against Meehan and Hazan under Federal Rule of Appellate Procedure 38, asserting that their appeal is frivolous. Because Meehan and Hazan are proceeding pro se, and their arguments appear earnest, we decline to

4                Opinion of the Court                26-10573

impose sanctions. *See* Fed. R. App. P. 38; *Woods v. I.R.S.*, 3 F.3d 403, 404 (11th Cir. 1993).

Accordingly, Valencia Estates's motion to dismiss is GRANTED and the appeal is DISMISSED for lack of jurisdiction. Meehan and Hazan's request to construe the notice of appeal as a petition for writ of mandamus is DENIED, and Valencia Estates's request for Rule 38 sanctions is DENIED.[1]

---

[1] Meehan and Hazan's request for an extension of time to file their initial brief, which was incorporated in their May 11, 2026, response to Valencia Estates's supplemental motion to dismiss, is DENIED as moot.